UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN JAMES GOLDIN,

    Petitioner,                                Civil No. 04-73786-DT
                                                  HONORABLE LAWRENCE P. ZATKOFF
v.                                              UNITED STATES DISTRICT JUDGE

PAUL RENICO,

    Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

      Kevin James Goldin, ("petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for assault with intent to do great bodily harm less than murder, M.C.L.A. 750.84; first-degree home invasion, M.C.L.A. 750.110a; and being a fourth felony habitual offender, M.C.L.A. 769.12. Respondent has filed a motion for summary judgment on the ground that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has not filed a response to the motion for summary judgment. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

**I. Background**

      Petitioner pleaded *nolo contendere* to the above charges in the Midland County Circuit Court. On April 27, 2001, petitioner was sentenced to three to fifteen years in prison. Petitioner never filed a direct appeal from his conviction.

      On August 5, 2002, petitioner filed a post-conviction motion for relief from judgment

pursuant to M.C.R. 6.500, *et. seq*. The trial court denied the motion for relief from judgment on October 11, 2002. *People v. Goldin,* 00-9643-FH (Midland County Circuit Court, October 11, 2002). Petitioner never appealed the denial of his motion for relief from judgment to the Michigan Court of Appeals or the Michigan Supreme Court.

The instant petition was signed and dated September 10, 2004.[1] The petition was originally filed in the United States District Court for the Western District of Michigan. On September 23, 2004, the petition was transferred to this district.

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review
    or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on September 10, 2004, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In the present case, petitioner was sentenced on April 27, 2001. Petitioner never filed a direct appeal from his conviction. For purposes of commencing the one year limitations period pursuant to § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter,* 35 Fed. Appx. 111, 114 (6th Cir. 2002). Because petitioner never appealed his conviction, the one year time period for filing his habeas petition would begin to run for petitioner after the expiration of the time limit that petitioner had under Michigan law to file the direct appeal from his conviction. *See McAfee v. Angelone*, 87 F. Supp. 2d 605, 606 (W.D. Va. 2000). Under M.C.R. 7.205(F)(3), petitioner had twelve months after his sentence to file a delayed application for leave to appeal. Petitioner's conviction therefore became final on April 27, 2002, and petitioner had until April 27, 2003 to file his petition for writ of habeas corpus with this Court unless the one year period was somehow tolled.

Petitioner filed a post-conviction motion for relief from judgment on August 5, 2002, after ninety nine days had run on the statute of limitations. 28 U.S.C. § 2244 (d)(2) expressly provides

that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *See Fugate v. Booker,* 321 F. Supp. 2d 857, 860 (E.D. Mich. 2004).

Petitioner's motion for relief from judgment was denied by the trial court on October 11, 2002. Pursuant to M.C.R. 6.509 (A), petitioner could have filed an application for leave to appeal with the Michigan Court of Appeals within one year of the trial court's denial of a motion for relief from judgment. *See* M.C.R. 7.205 (F)(3). In this case, petitioner did not appeal the denial of his post-conviction motion to the Michigan Court of Appeals. This motion therefore ceased to be pending, for purposes of § 2244(d)(2), on October 11, 2003, when the one year period for filing an application for leave to appeal with the Michigan Court of Appeals expired. *See Palmer v. Lavigne,* 43 Fed. Appx. 827, 828 & n. 1 (6th Cir. 2002). [2] Because ninety nine days had already elapsed on the one year statute of limitations, petitioner had two hundred and sixty six days remaining from that date, which would have been no later than July 3, 2004, to file the instant petition with this Court in compliance with the AEDPA's limitations period. Because the instant petition was not filed until September 10, 2004, the instant petition is untimely.

The one year limitations period under the AEDPA is considered a statute of limitations

---

[2] The Court notes that there is an apparent conflict in the Sixth Circuit concerning the tolling of the limitations period pursuant to § 2244(d)(2) where a Michigan prisoner fails to timely appeal the denial of his post-conviction motion. In *Whitcomb v. Smith,* 23 Fed. Appx. 271, 273 (6th Cir. 2001), the Sixth Circuit held that the one year limitations period was tolled pursuant to § 2244 (d)(2) during the twenty one day period for which the petitioner could have appealed the trial court's denial of his post-conviction motion for relief from judgment, but was not tolled for the twelve month period that he could have sought a delayed application for leave to appeal under M.C.R. 7.205(F), because petitioner never applied for leave to appeal either within the twenty one day period or within the one year period. *Id.* The Sixth Circuit in *Palmer v. Lavigne,* on other hand, tolled the limitations period for the entire one year period that the petitioner could have sought leave to appeal. As indicated above, petitioner's application is untimely even giving him the benefit of this calculation.

which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *See Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The Sixth Circuit has noted that the doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and that "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. A habeas petitioner bears the burden of establishing that he or she is entitled to the equitable tolling of the one year limitations period. *See Jurado v. Burt,* 337 F. 3d 638, 642 (6th Cir. 2003).

Petitioner has failed to respond to the respondent's motion for summary judgment. In his habeas petition, however, he alleges that he did not appeal the denial of his post-conviction motion because he did not understand the law and the inmate who was helping him with his legal matters had been transferred to another prison. Petitioner also claims that he was unable to obtain the transcripts from the trial court.

An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *See Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Petitioner's allegation that he did not know what to do and had to have another inmate help him until the inmate left his unit at prison does not demonstrate extraordinary circumstances that made it impossible to file his petition on time, so as to toll the statute of limitations. *See Henderson v. Johnson*, 1 F. Supp. 2d 650, 656 (N.D. Tex. 1998). Finally, ignorance of the law does not justify equitable tolling either, even for a prisoner who is proceeding *pro se. See Spencer v. White,* 265 F. Supp. 2d 813, 818 (E.D. Mich. 2003).

Petitioner's inability to obtain his transcripts also does not justify equitable tolling. A habeas

5

petitioner's lack of access to his trial transcripts does not preclude a habeas petitioner from commencing post-conviction proceedings and would not equitably toll the limitations period for filing a petition for writ of habeas corpus. *See Jihad v. Hvass,* 267 F. 3d 803, 806 (8th Cir. 2001); *See also Gassler v. Bruton,* 255 F. 3d 492, 495 (8th Cir. 2001); *Grayson v. Grayson,* 185 F. Supp. 2d 747, 751-52 (E.D. Mich. 2002). "Possession of a transcript is not a 'condition precedent' to the filing of a state post-conviction motion." *Grayson,* 185 F. Supp. 2d at 752 (citing to *Gassler,* 255 F. 3d at 495).

### III.  ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  January 25, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 25, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290